GREMILLION, J.,
dissents.
_JjThe majority ignores the manifest error standard of review in order to reach the conclusion it deems more reasonable. First, rather than noting the manifest error standard of review, the majority spends several pages attempting to “reconcile” some issue regarding summary judgments despite the fact that there is no summary judgment at issue here. Furthermore, no appellate court in this state, nor the supreme court, has ever identified such a need for reconciliation.
The trial court was tasked with determining whether Dr. Foret breached the applicable standard of care. Instead of reviewing the testimony of the witnesses who addressed this question, the majority examined page after page of medical records from health care providers who never answer the question; that is, they never opine that Dr. Foret breached the applicable standard of care.
For example, the majority exhaustively recites the medical records of Dr. Ronald E. Tolbert. However, Dr. Tolbert’s opinion as to whether Dr. Foret breached the applicable standard of care is not found in the record. The majority tries to sanitize that fact by pointing out that Dr. Tolbert’s opinion was “obviously intended to have been filed into evidence.”
The majority goes through the medical records of Dr. Orlando Schaening to try to answer the question “Does Dr. Schaening believe that Dr. Foret breached the |2applicable standard of care?” We obviously cannot know, as his answer to that question is not expressed in his records.
What about Dr. Daniel Thompson? Again, the majority thoroughly reviews Dr. Thompson’s records. However, this record does not contain Dr. Thompson’s opinion as to whether Dr. Foret breached the applicable standard of care.
When all of this clutter is cleared away, the record contains the opinions of four doctors (Dr. Michael Acurio, Dr. J. David DeLapp, Dr. Brian Frentz, and Dr. William L. Overdyke) who were asked the proper question. Those four doctors clearly opined that Dr. Foret breached the applicable standard of care. But it is well established that “witnesses are weighed and not counted, and the weight to be given evidence is not determined by the number of witnesses.” Duhon v. Slickline, Inc., 449 So.2d 1147, 1151 (La.App. 3 Cir.), writ denied, 452 So.2d 172 (1984). The court of appeal is not entitled to reverse the trial court’s opinion merely because it would have weighed the evidence differently. Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106 (La.1990).
The last step in the majority’s long trip around manifest error is to attack the evidence that requires that we affirm the trial court. There is absolutely nothing in the record before us that would render the opinion of Dr. Michael McGuire, a board-certified orthopedist, any less competent or credible than the other doctor witnesses. Dr. McGuire opined that Dr. For-et “did adhere to the appropriate standard of care.” The majority repeatedly disparages Dr. McGuire’s opinion as being from out of state, as being relied upon too heavily, and as being “unsupported.” Ironically, however, the majority relies heavily on experts who, in fact, provide no opinions at all, be they “unsupported” or otherwise.
| a“When the expert opinions contradict concerning compliance with the applicable *631 standard of care, the trial court’s conclusions on this issue will be granted great deference. It is the sole province of the factfinder to evaluate the credibility of such experts and their testimony.” Charpentier v. Lammico Ins. Co., 606 So.2d 83, 87 (La.App. 8 Cir.1992).
The majority does not like it, but this is the essence of the manifest error standard of review. The trial court was clearly within its province when it found Dr. McGuire’s expert opinion more credible than those of the other experts who provided the necessary opinions. I, therefore, would affirm the trial court, and I respectfully dissent.